THE PEOPLE OF THE STATE OF ILLINOIS, plaintiffs in error, *v.* JOHN NICHOLS, defendant in error.

*Error to La Salle.*

The State continues to be the beneficial owner of the canal lands, notwithstanding the conveyance by the Governor to the Trustees, and may maintain an action to recover the penalties given by the legislature against trespassers on such lands.

DEBT, in the La Salle Circuit Court, brought by the plaintiffs in error against the defendant in error, and heard before the Hon. John D. Caton, without the intervention of a jury. Judgment for the defendant.

The material facts of the case are stated by the Court in their Opinion.

The cause was argued orally by *A. Williams* and *E. D. Baker*, for the plaintiffs in error, and by *T. L. Dickey*, for the defendant in error.

The following argument was submitted in writing by *C. B. Lawrence*, for the plaintiffs in error:

Is the Act to protect canal lands from trespasses, approved February 27, 1845, now in force—the lands having been conveyed to the Trustees?

1st. What is the estate of the Trustees in the lands?

By the Act of March 1, 1845, the Governor is directed to convey these lands to the Trustees in conformity with the Act of February 27, 1843.

By the tenth section of the Act of 1843, it is directed that these lands shall be conveyed as *security*. By the thirteenth section, that none of the lands shall be sold by the Trustees until three months after the completion of the canal. By the fourteenth section, that the Trustees shall keep a full and true account of their expenditures, and of the revenues derived from the canal and canal lands, and report the same to the Governor. By the sixteenth section, that the canal lands shall revert to the State after the payment of the canal indebtedness. By the nineteenth section the same provision is made, and also, that the State may, at any time, pay off the canal indebtedness, and that, in that event, the Trustees shall resign the lands to the State.

From these provisions it is very clear, both upon principle and adjudged cases, that, until sale of the lands after completion of the canal, the Trustees will, and do now occupy the position of mortgagees, and the State that of mortgagor, before foreclosure, or entry for condition broken. 3 Pick. 484, where a similar deed is held to be a mortgage; also, numerous authorities cited in 3 (U. S.) Dig., title *Mortgage*, § 28.

It is now the established doctrine, that, as against all persons but the mortgagee, the mortgagor, until foreclosure, is the owner of the estate; that he has the *legal title*, while the mortgagee has but a *lien* on the land for his debt. 4 Kent, 160; 7 Mass. 138; 11 do. 469; 7 Johns. 278; U. S. Dig. vol. 3, page 31, cases cited in paragraph 76, *et seq.* The mortgagor may maintain ejectment to which the mortgage cannot be set up as an outstanding title in a third person. Numerous cases cited in 1 Hilliard's Abr. page 276, note.

Now, the ground taken by counsel on the other side is, that these lands are no longer canal lands owned by the State, and that, therefore, the trespass Act of 1845 does not apply to them. But if the positions stated above be cor-

The People *v.* Nichols.

rect, the State is to be considered the owner of these lands until they are sold by the Trustees after the completion of the canal, while the Trustees themselves have in the meantime only a lien on the lands to secure the payment of their debt. It certainly cannot be denied that the State has an interest in the lands, which it is important to protect from trespassers. Indeed, the State has the same beneficial interest in the lands as she had before the deed to the Trustees, since, whatever is realized from the sale or profits of the lands, goes, in the end, into the State Treasury, and whatever is lost by trespasses on the lands is so much lost to the State Treasury. The State, as mortgagor, has, undeniably, sufficient interest in the lands to enable her to sustain the statutory action for trespass.

Inasmuch as it is only pretended that this trespass Act is repealed, because there are no longer any canal lands in which the State is interested, upon which the Act can operate, it would seem that this view as to the interest of the State, if correct, decides the question. But there are other strong arguments against considering this Act repealed by implication, to be drawn from the legal doctrine respecting statutes.

It is an established principle, that the intention of the legislature is to govern in the construction of statutes. It is decided in the case of *State* v. *Rackley*, 2 Blackf. 249, that "statutes enacted at the same session of the legislature are to be construed *in pari materia*, and should receive a construction which will give effect to each if possible."

Now, the first Act providing for the conveyance of these lands as security to the Trustees was passed in February, 1843. The Act directing the Governor to execute a deed to the Trustees, in conformity with said Act of February, 1843, was approved March 1, 1845, and the Trespass Act under which these suits were brought, and which, it is contended, was repealed by this Act of March 1, 1845, was itself approved February 27, 1845, but two days before the approval of the Act by which counsel contend it is by implication repealed. From the respective dates of their approval

it is manifest that the two last mentioned Acts went through the legislature together. Now, what is the unavoidable inference from these facts, as to the intention of the legislature? Two years after the passage of an Act providing for the conveyance of these lands to the Trustees, the legislature pass an Act to protect the same lands from trespassers, and at the same time with the passage of the latter Act, they pass another Act providing for the execution of a deed to the Trustees, and yet it is contended that this last Act, which is simply supplementary to an Act already two years in force, and which contains no repealing clause of any character whatever, does repeal the trespass Act which went through the legislature at the same time with itself. On the contrary, are we not obliged to believe that the legislature, in passing the trespass Act, had in view the conveyance of the lands to the Trustees, in conformity with the Act of the preceding session, and that it designed to extend this protection from trespasses to the lands after they should be conveyed to the Trustees, the more especially as this protection would be of precisely the same importance to the Trustees after as before the conveyance?

This conclusion is made, if possible, still more unavoidable when we notice the phraseology of the Acts. The Act, which it is contended is repealed, is an Act to protect "canal lands" from trespasses; and it appears from the first, third, eighth, and other sections, that it is designed to apply exclusively to the lands appertaining to the Illinois and Michigan Canal. Are not these lands, in the hands of the Trustees, as much "canal lands" as they ever were? Are they not, now, as much as before their conveyance to the Trustees, a fund for the construction of the canal—the only difference being, that they have been placed in the hands of the Trustees as security for money advanced, but with no power to sell for some time to come. In all these Acts, as well the trespass Act, as those providing for the conveyance to the Trustees, the lands are indiscriminately designated as "canal lands," or "property," and they will continue to be "canal lands" until they are sold to private individuals by the Trus-

tees under the direction of the State. From these conside-
rations it would seem manifest, that the intention of the le-
gislature—the thing for which we must look—was to protect
by this Act the canal lands from trespasses, as well after as
before they should be conveyed to the Trustees. Unless we
adopt this construction, we must stultify the legislature, and
charge them with burdening the statute book with useless
lumber by passing the trespass Act at the same time that
they are passing another Act designed to operate its repeal.
But if the intention of the legislature were not evident from
these considerations, we should be bound so to construe all
Acts passed at the same session, as to make them all, if pos-
sible, effective. 2 Blackf. 249.

The argument from inconvenience has also a strong ap-
plication, for, unless this trespass Act is now operative,
these lands, which it is more important to protect by special
legislation than any other lands in the State, from their greater
liability to trespasses, are left to the protection of the Com-
mon Law action, while all other lands in the limits of the
State are protected by special legislation. The Supreme
Court has twice decided, (3 Scam. 259, and 4 do. 336,) that
the private statutory action of trespass only lies in behalf of
the owners in fee simple of the land trespassed upon. The
Trustees are not the owners in fee simple of these canal
lands. They have only a fee simple for the single purpose of
conveyance at a future time, and not even for that purpose,
if the State chooses in the meantime to redeem the lands.
Section nineteen, Act of 1843. The Trustees, so far from
being owners in fee simple, are, as already said, in the posi-
tion of mortgagees before foreclosure or entry for condition
broken, and a mortgagee thus situated, is not considered a
freeholder, and his interest in the estate passes, at his death,
to his executor as assets. Hilliard's Abr., title *Mortgage*,
ch. 30. § 2; ch. 32, § 1. If, then, this canal trespass
Act is to be considered repealed, the Trustees cannot bring
the private statutory action in their own name, and these
canal lands are left to be despoiled.

Additional authorities. It is contended that this Act is re-

pealed by implication. The cases of *Loker* v. *Brookline*, 13 Pick. 342, 348, and *Haynes* v. *Jenks*, 2 do. 172, 176, decide that the law does not favor repeal by implication.

Again, the case of *Brown* v. *Miller*, 4 J. J. Marsh, 474, decides that "when the provisions of a precedent statute are not incompatible with those of a subsequent one, *in pari materia*, it is not repealed by construction." In this case there is nothing in the latter statute incompatible with the former; on the contrary, its provisions are necessary to carry out the former, by protecting the property therein pledged from wanton depredation.

The case of *Payne* v. *Conner*, 3 Bibb, 180, decides that "a statute repealing all former ones within its purview, does not repeal the provisions of former laws, as to cases not provided for by the repealing statute." In this instance, the statute, which it is contended is the repealing one, has no repealing clause whatever, and if it had, yet it does not itself provide for cases of trespass, and would therefore fall within the exception laid down in the above rule.

Counsel contend that the trespass Act provided for its going into immediate operation, by the appointment of an agent before the conveyance to Trustees. True, but the legislature were at the same time passing an Act for the conveyance to the Trustees, and if they had designed that the trespass Act should cease to operate as soon as the conveyance to the Trustees should be made, they would have so provided in the Act in terms. But they have not so provided, and their silence on this point, is, under the circumstances, a strong reason for drawing the opposite inference.

The Opinion of the Court was delivered by

LOCKWOOD, J. This was an action of *debt*, commenced by the plaintiffs against the defendant, to recover the penalties given by the Acts of the legislature, passed for the protection of the canal lands against trespassers.

The cause was tried by the Court below without a jury. On the trial, evidence was given tending to prove that the defendant entered on land that had been granted to this

State, by the United States, for the purpose of aiding the State in the construction of the Illinois and Michigan canal, and cut and hauled away three trees which were growing on said land.

It was admitted on the trial, that said land had been conveyed by the Governor of this State, before the cutting of said trees, to the board of Trustees of said canal, in accordance with the provisions of an Act entitled, *"An Act supplemental to an Act to provide for the completion of the Illinois and Michigan Canal, and for the payment of the canal debt,* approved February, 21, 1843," approved March 1st, 1845.

Upon this state of facts the Circuit Court decided, that after the passage of the Act of 1843, and the organization of the board of Trustees of the Illinois and Michigan canal, and the execution by the Governor to said board of a deed of trust, of the canal lands and property, as directed in the Act of 1845, the title to said canal lands included in said deed of trust, was passed by the State of Illinois to said board of Trustees, and no longer remained canal lands within the meaning of the Act entitled *"An Act to amend an Act to protect the canal lands against trespassers,"* approved March 4th, 1837, and an Act to amend an Act entitled *"An Act to protect the canal lands against trespasses,* approved February 19th, 1839," approved February 27th 1845, and that therefore the defendant was not liable to the penalties provided in said Act. This decision of the Circuit Court is assigned for error.

By the fourth section of the amended Act above mentioned, it is provided that "if any person shall cut, fell, box, bore, injure or destroy, any tree or sapling of any description, standing or growing upon canal land, he or she so offending, shall pay five times the value of every tree or sapling so cut, felled, bored, injured or destroyed, to be recovered by action of debt, in the name of the State of Illinois, before any Circuit Court or justice of the peace having jurisdiction of the amount claimed."

It was conceded on the argument, that the Act containing this provision to protect the canal lands from trespassers, has not been repealed, yet it was contended by the counsel for the defendant, that the conveyance of the canal lands to the board of Trustees, has, by implication, repealed the section, giving the penalties sued for. This position is not correct. The canal lands, before they are sold by the Trustees in pursuance of the various laws authorizing them to complete the canal, are as much canal lands since the transfer, as they were before, and just as much stand in need of the protection afforded by those Acts against trespassers. The State still continues the beneficial owner of the land, in order to carry out the object of the donation made to it by Congress.

The object of the conveyance to Trustees was to enable them to fulfil a public trust, and they are substituted in the place of the former Canal Commissioners, to accomplish the same great object, to wit: the construction of the canal. Whenever the canal shall be completed under the direction and supervision of the present board of Trustees, and the canal debt and expenses are paid, the canal and all the lands that remain unsold by the Trustees, will revert to the State.

We are consequently of opinion, that the Circuit Court erred in deciding that the lands trespassed on were no longer canal lands. For this error, the judgment below is reversed with costs, and the cause remanded for a new trial.

*Judgment reversed.*